IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-184-FL

| | |
|---|---|
| LASLO GROSS and SUSAN L. GROSS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| NICK DODSON, MIKE DODSON, DAVID ) | |
| CLAASSEN, and RYAN STONE, ) | |
| ) | |
| Defendants. ) | |

A myriad of motions are before this court. Defendants moved to dismiss this action April 16, 2024, for lack of subject matter jurisdiction and failure to state a claim (DE 20). At time of filing complaint March 22, 2024, asserting a variety of commercial torts against defendants, plaintiffs launched motions to expedite discovery (DE 2) and for preliminary injunction (DE 4). Defendants' motion, filed the same day defendants responded in opposition to these requests, also sounds in defense to those motions. And plaintiffs' response in opposition to defendants' motion seeks in part to advance plaintiffs' earlier filed motion for discovery.

While this nest of motions remains pending, plaintiffs moved to stay decision on defendants' motion to dismiss pending resolution of their motion for relief from the automatic bankruptcy stay before the United States Bankruptcy Court for the Eastern District of North Carolina, in proceeding captioned In re Wireless Systems Solutions, LLC, No. 22-513-5-JNC (Bankr. E.D.N.C.) (DE 28). That court addressed plaintiffs' motion October 2, 2024. Plaintiffs' motion for a stay pending disposition of that motion (DE 28) therefore is moot and the clerk will terminate same.

There also is a motion for hearing before the court (DE 32) or so it presents, in the form of plaintiffs' further response to defendants' motion to dismiss. The procedural mechanism plaintiffs, proceeding pro se, wish to use to make further response is unclear; however, the court will accept that filing in supplement to their original response. The court deems hearing may be of assistance in the case, so in that part plaintiffs' request (DE 32) is granted.

The court leans on Rule 1 of the Federal Rules of Civil Procedure to pronounce here that plaintiffs' remaining motions (DE 2, 4), are denied without prejudice at this time. With focus on the motion to dismiss for lack of jurisdiction and failure to state a claim, that motion (DE 20) is set for hearing at New Bern November 14, 2024, at 1:30 p.m. Hearing may be followed by conference that date pursuant to Federal Rules of Civil Procedure Rule 16(a), to address need, if any, for expedited discovery and a schedule for renewal of any request for injunctive relief, should the case in whole or in part survive defendants' motion.

**SUMMARY**

In accordance with the foregoing:

1. Plaintiff's motion to stay (DE 28) is TERMINATED as MOOT;

2. Plaintiff's motions to expedite discovery (DE 2) and for preliminary injunction (DE 4) are DENIED WITHOUT PREJUDICE;

3. Plaintiff's motion for hearing (DE 32) is GRANTED; and

4. Defendants' motion to dismiss (DE 20) is NOTICED for HEARING at New Bern November 14, 2024, at 1:30 p.m.

SO ORDERED, this the 16th day of October, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge