IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CV-184-FL

| | |
|---|---|
| LASLO GROSS and SUSAN L. GROSS, ) ) Plaintiffs, ) ) v. ) ) NICK DODSON, MIKE DODSON, DAVID ) CLAASSEN, and RYAN STONE, ) ) Defendants. ) | ORDER |

This matter comes before the court on plaintiffs' motion to stay certain claims and add new allegations to their complaint (DE 34)[1] and defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) and (b)(1), wherein they advance arguments on prudential standing, collateral estoppel, timeliness, and lack of ownership of alleged trade secrets (DE 20). At hearing November 14, 2024, defendants appeared through counsel of record, Christopher J. Blake, and plaintiffs, proceeding pro se, argued for themselves. Plaintiffs orally made renewed motion for expedited discovery.

### BACKGROUND

This action, initiated by complaint filed March 22, 2024, is one of several legal proceedings involving events connected to these parties. Defendants Mike Dodson, David Claassen, and Ryan Stone are officers of SmartSky Networks, LLC ("SmartSky"), a provider of air to ground communication systems, while defendant Nick Dodson is a former contractor and intern for

---

[1] Plaintiffs also sought an evidentiary hearing in this court involving the bankruptcy trustee, which request the court summarily denied.

SmartSky. SmartSky sued plaintiffs in September, 2020, in the United States District Court for the Middle District of North Carolina. The parties engaged in parallel arbitration of pertinent claims, which produced a multimillion dollar arbitration award against plaintiffs in 2021. See SmartSky Networks, LLC v. DAG Wireless, LTD., DAG Wireless USA, LLC, Laslo Gross, Susan Gross, Wireless Systems Solutions, LLC, David Gross, 93 F.4th 175, 178–80 (4th Cir. 2024).

The district court confirmed that award, which order the United States Court of Appeals for the Fourth Circuit reversed on non-merits grounds. See generally id. SmartSky ultimately obtained confirmation of the award in Durham County Superior Court August 27, 2024. (See Notice Ex. A (DE 31-1)).

Following the award, Wireless Systems Solutions, LLC ("Wireless Systems"), an entity owned by the Grosses, which had been contracted with by SmartSky to develop and provide systems components, filed Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of North Carolina. In re Wireless Systems Solutions, No. 22-513-5-JNC (Bankr. E.D.N.C. Mar. 9, 2022). The Grosses' son, David Gross, who was involved in some of the underlying events, and against whom part of the award was rendered, also sought bankruptcy protection. In re Gross, No. 22-517-5-JNC (Bankr. E.D.N.C. Mar. 10, 2022).

Plaintiffs here assert a variety of claims against defendants stemming from the fallout of the business relationship between SmartSky and Wireless Systems. They seek damages and numerous forms of injunctive relief.

**COURT'S DISCUSSION**

The court addresses first plaintiffs' various requests, then turns its attention to defendants' motion to dismiss.

A.      Plaintiffs' Motion (DE 34)

Plaintiffs ask this court to stay Counts One, Four, Six, and Seven[2] pending some determination as between this court and the bankruptcy trustee in In re Wireless Systems Solutions that plaintiffs can pursue these claims without violating the automatic stay. Because the court concludes any effort by the Grosses to advance these claims must fail, as discussed below, it need not reach this part of the motion.

Plaintiffs also ask for leave to supplement their complaint to add newly obtained evidence, without more, which, they contend, will strengthen their allegations. They urge need on this basis, too, for expedited discovery. Because no new evidence could remedy the panoply of pleadings flaws discussed below, their request to supplement their allegations is denied.

Plaintiffs have also repeatedly requested expedited discovery, and renewed this request at the November 14 hearing and in their motion to stay. A party may not seek discovery before a Rule 26(f) conference, which has not taken place here, except by stipulation or as authorized by a court order. Fed. R. Civ. P. 26(d)(1).

Courts generally evaluate requests for early discovery under a good cause standard. See Dimension Data N. Am., Inc. v. NetStar-1. Inc., 226 F.R.D. 528, 531 (E.D.N.C. 2005) (collecting cases). Plaintiffs could not articulate any good cause for expedited discovery at the hearing when

---

2       Counts in order alleged by plaintiffs are denominated as follows:

  1.   Theft of Trade Secrets, Federal Defend Trade Secrets Act 18 U.S. Code § 1832;
  2.   Trade Secret Misappropriation, Fraud and related activity in connection with computers, Federal Defend Trade Secrets Act 18 U.S .Code § 1030;
  3.   Violation of H.R. 3919, 47 U.S. Code § 1601 – Determination of communications equipment or services posing nation security risks;
  4.   Trade Secret Misappropriation, North Carolina Trade Secrets Protection Act, N.C. Statute § 24-66-152, et seq.;
  5.   North Carolina Unfair and Deceptive Trade Practices G.S. § 75-1.1;
  6.   Economic Espionage, Federal Defend Trade Secrets Act 18 U.S. Code § 1831; and
  7.   Civil Proceedings, Federal Defend Trade Secrets Act 18 U.S. Code § 1836.

3

prompted by the court. At most, they pointed to one witness moving to a different country, and the inability to develop relevant testimony during the arbitration proceedings in 2021. Plaintiffs could easily remedy these issues during the ordinary course of properly timed discovery. They do not constitute good cause for expedited discovery. See, e.g., Est. of Green v. City of Annapolis, 696 F. Supp. 3d 130, 150 (D. Md. 2023) (refusing to permit discovery before resolution of Rule 12 motions); NAPCO, Inc. v. Landmark Tech. A, LLC, 555 F. Supp. 3d 189, 225–26 (M.D.N.C. 2021) (refusing to permit early discovery in patent infringement case); Movement Morg., LLC v. Intercontinental Cap. Grp., Inc., No. 3:22-cv-147, 2022 WL 17574801, at *3 (W.D.N.C. Dec. 9, 2022) (refusing early discovery request because plaintiff failed to identify any risk of destruction of evidence); cf. Fykes v. Hallelujah Acres, Inc., No. 1:23-cv-46, 2023 WL 86003020, at *2 (W.D.N.C. Dec. 12, 2023) (permitting early discovery for class action certification issues following defendant's default). Plaintiffs' request for expedited discovery is therefore denied without prejudice.

B.      Motion to Dismiss (DE 20)

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[3] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further

---

3       Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

4

factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

A Rule 12(b)(1) motion, as also here, challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).

Counts One and Six arise under criminal statutes, while Count Three springs from a regulatory statute that merely directs the Federal Communications Commission to take certain actions. See 18 U.S.C. §§ 1831, 1832; 47 U.S.C. § 1601, et seq. Hearing little argument in opposition, at hearing the court dismissed these three counts.

So four counts remain. The court readily concludes that two of them, Count Four arising under the North Carolina Trade Secrets Protection Act, N.C. Gen. Stat. § 66-152, et seq. (the "NCTSPA") and Count Seven, under the Defend Trade Secrets Act, 18 U.S.C. § 1836 (the "DTSA") must also be dismissed. The NCTSPA provides that the "owner" of a trade secret enjoys a civil right of action for misappropriation. N.C. Gen. Stat. § 66-153. The DTSA provides a private right of action for the "owner" of an allegedly misappropriated trade secret. 18 U.S.C. § 1836(b)(1). An "owner" is "the person or entity in whom or in which rightful legal or equitable title to, or license in, the trade secret is reposed." 18 U.S.C. § 1839(4).

The Grosses do not allege ownership of any allegedly misappropriated trade secret. And the bankruptcy court repeatedly has ruled in Wireless Systems's ongoing bankruptcy proceeding, that any and all trade secrets involved are indeed the property of Wireless Systems, rebuffing two separate efforts to transfer that property improperly to the individual plaintiffs. See generally In re Wireless Systems Solutions, LLC, No. 22-513-5-JNC, DE 400 (Bankr. E.D.N.C. June 21, 2024); id., DE 432 (Bankr. E.D.N.C. Oct. 2, 2024).

Authority interpreting the word "owner" under the NCTSPA is sparse, but the few courts to address the issue have held that an "owner" under the NCTSPA must have at least a right to the "exclusive" use of a trade secret, analogous to the privileges a licensee enjoys. See Azima v. Del Rosso, No. 1:20cv954, 2022 WL 4537807, at *5 (M.D.N.C. Sept. 28, 2022) (noting lack of North Carolina authority but reaching this conclusion); SCR-Tech LLC v. Evonik Energy Servs. LLC, 2014 NCBC 71, at *1 (N.C. Bus. Ct. 2014) (similar). In addition, the ordinary meaning of "owner," which is "someone who has the right to possess, use, and convey something," further persuades the court that individual plaintiffs here do not qualify as the owners of any trade secrets here, given that they repeatedly discuss the trade secrets as belonging to Wireless Systems. Owner, Black's Law Dictionary (12th ed. 2024); (Compl. ¶¶ 116–121 ("[Wireless Systems's] proprietary software . . . was a valuable trade secret of [Wireless Systems]" (emphases added)).

The plain text of the DTSA does not contemplate or permit claims by plaintiffs who do not own the allegedly misappropriated secrets. Id.; see, e.g., Allstate Ins. Co. v. Fougere, 79 F.4th 172, 193–94 (1st Cir. 2023) (discussing ownership challenge to DTSA claim); Zabit v. Brandometry, LLC, 540 F. Supp. 3d 412, 419–20 (S.D.N.Y. 2021) (similar); La Potencia, LLC v. Chandler, --- F. Supp. 3d ---, 2024 WL 1908628, at *16 (S.D. Fla. 2024) (permitting DTSA claim to proceed because plaintiffs clearly alleged ownership); Cajun Servs. Unlimited, LLC v. Benton

6

Energy Serv. Co., No. 17-0491, 2019 WL 2410933, at *11 (E.D. La. June 7, 2019) (similar); Danping Li v. Gelormino, No. 3:18-cv-442, 2019 WL 1957539, at *6 n.7 (D. Conn. May 2, 2019) (dismissing DTSA claim for, among other reasons, failure to allege ownership of secrets). Plaintiffs' count under the DTSA repeatedly refers only to secrets owned by their company, Wireless Systems. (See Compl. (DE 1) ¶¶ 102–05).

Statutory standing addresses whether a statute authorizes a particular plaintiff to avail himself of a statutory right of action; it is distinct from Article III standing, and properly addressed under Rule 12(b)(6), not Rule 12(b)(1). CGM, LLC v. BellSouth Telecomm., Inc., 664 F.3d 46, 52–53 (4th Cir. 2011). Because plaintiffs are not the "owners" of any trade secrets at issue, they lack statutory standing to sue under either the NCTSPA or the DTSA, and Counts Four and Seven accordingly are dismissed.[4]

The court focuses here on the two counts remaining: Count Two premised on fraud and related activity in connection with computers under 18 U.S.C. § 1030; and Count Five, a claim for unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1. In argument for dismissal of these claims, defendants rely in part on the doctrine of collateral estoppel, predicated upon the 2021 arbitration award rendered in favor of SmartSky. This award recently was confirmed by a North Carolina court, which ruling non-prevailing parties to the arbitration, including plaintiffs here, have appealed.[5] The court was not aware of the appeal until the parties brought it to the court's attention at hearing.

---

[4] The bankruptcy court's orders further buttress this conclusion, and provide an additional and alternative ground for dismissal through the automatic stay applicable to Wireless Systems. (See generally In re Wireless Systems Solutions, LLC, No. 22-513-5-JNC, DE 400 (Bankr. E.D.N.C. June 21, 2024)). See also, e.g., Mentor H/S, Inc. v. Med. Device All., Inc., 240 F.3d 1016, 1018–19 (Fed. Cir. 2001) (holding that a party which lacks "all substantial rights" in a patent cannot sue for its infringement).

[5] See SmartSky Networks LLC v. DAG Wireless Ltd., No. P24-611 (N.C. Ct. App. appeal docketed Sept. 3, 2024).

Because the appeal may disrupt the preclusive effects of the award, impacting defendants' arguments in favor of dismissal of Counts Two and Five, the court elects, in the exercise of its discretion, to defer decision on remaining part of defendants' motion pending disposition of the appeal. As such the court puts into place a stay of this case until such time as dispositive decision of the North Carolina Court of Appeals in <u>SmartSky Networks LLC v. DAG Wireless Ltd.</u>, No. P24-611 (N.C. Ct. App. appeal docketed Sept. 3, 2024) is rendered.

## CONCLUSION

For the foregoing reasons:

1. Plaintiffs' motion (DE 34) is DENIED;

2. Plaintiffs' oral motion for expedited discovery is DENIED;

3. Defendants' motion to dismiss (DE 20) is GRANTED IN PART, and Counts One, Three, Four, Six, and Seven of the complaint are DISMISSED;

4. The court DEFERS decision on remaining part of defendant's motion to dismiss (DE 20), directed against Counts Two and Five, pending conclusion of state appellate proceedings, and on its own motion hereby STAYS this case until the conclusion thereof; and

5. The parties are ORDERED to file a status report within 21 days of dispositive decision of the North Carolina Court of Appeals in <u>SmartSky Networks LLC v. DAG Wireless Ltd.</u>, No. P24-611 (N.C. Ct. App. appeal docketed Sept. 3, 2024), including copy of decision, and informing whether any non-prevailing party lodged petition for discretionary review with the Supreme Court of North Carolina. If supplemental briefing on remaining part of defendant's motion to

dismiss is sought then by either side in this case, outline in the report suggested time frame for additional briefing and the position of the other side.

SO ORDERED, this the 26th day of February, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge